HARDY, Judge.
This is an action in which plaintiff sued for the recovery of the value of a diamond ring, together with attendant damages. From judgment in favor of defendant rejecting plaintiff’s demands, she has appealed.
Plaintiffs petition alleged that she had pawned a diamond ring valued at $375.00 to the Caddo Jewelry Company in Shreveport; finding it necessary to leave the city she delivered the pawn ticket to defendant, requested him to redeem the ring, promising to reimburse him the cost of redemption upon her return to the city; defendant redeemed the ring but refused to return it to plaintiff, and defendant finally advised plaintiff that he had been robbed of the ring and was therefore unable to return it to plaintiff.
Upon the basis of the above allegations it is plaintiff’s contention that defendant occupied the position of bailee, who was responsible for the safe-keeping and return of the deposit of plaintiff’s property.
Defendant answered plaintiff’s petition, generally denying the allegations thereof and affirmatively alleging that plaintiff, being unable to redeem her pledge of the ring, delivered the pawn ticket to defendant, advising that if he would redeem the pledge he could retain the ring as his property.
Defendant’s position is that he was the recipient of a manual gift of the ring made by plaintiff and evidenced by delivery of the pawn ticket.
The suit was tried in the City Court of the City of Shreveport and the evidence was not transcribed. The record contains a narrative statement of facts executed by counsel which reflects that the testimony of the parties litigant was in direct conflict, each testifying in conformity with the respective averments of the petition and answer. One point of agreement in the testimony of the parties was that they had been on friendly terms over a period of approximately 20 years during which plaintiff had rented from defendant; that defendant on numerous occasions had loaned *713 plaintiff money and he and his wife had made gifts to plaintiff at Christmas and on other special occasions.
Defendant’s testimony as to the gift of the ring was corroborated by four witnesses who testified that they heard plaintiff tell defendant he could have the ring if he would redeem it from pawn.
The issue presented by this appeal is purely factual. It is clear from the narrative of facts that the testimony on trial preponderated in support of defendant’s contention that plaintiff had made him a gift of the ring.
There being no indication of error on the part of the trial judge, it follows that the judgment appealed from should be, and accordingly it is, affirmed at appellant’s cost.